IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      Case No.  23-10026-01-JWB

CLIFTON RAY WEATHERSPOON,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for an extension of time to file a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.  (Doc. 107.)  This court sentenced Defendant to 150 months in federal prison following Defendant's guilty plea for possession of fentanyl with intent to distribute as prohibited by 21 U.S.C. § 841(a)(1).  (Doc. 104 at 1-2.)

Pursuant to 28 U.S.C. § 2255 a defendant has one year from the date "on which the judgement of conviction becomes final" to file a motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f)(1)-(4).  Defendant seeks an extension because he purportedly has not had access to the law library due to "constant facility lockdowns."  (Doc. 107 at 1.)

This court lacks authority to extend the statutory deadline in 28 U.S.C. § 2255. *See Washington v. United States*, 221 F.3d 1354, 2000 WL 985885 at *1–2 (10th Cir. July 18, 2000). "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process." *Id.* at *1.  The deadline to file a § 2255 motion, however, is subject to equitable tolling, but the question of tolling is ripe for

adjudication only when a § 2255 motion has actually been filed, and the statute of limitations has been raised by the respondent or the court sua sponte. *United States v. Daniels*, 191 F. App'x. 622, 622 (10th Cir. 2006) (quoting *United States v. Verners*, 15 F. App'x. 657, 660 (10th Cir. 2001)). Although Defendant states that he plans to file a motion under §2255, Defendant's motion for an extension of time cannot be construed as a motion under § 2255. Because Defendant has not yet filed a § 2255 motion, his motion for an extension of time is not ripe for adjudication. *Id.*; *United States v. Woods*, No. 11-40046-01-JWL, 2015 WL 11202630, at *2 (D. Kan. Dec. 18, 2015).

Defendant's motion for an extension of time (Doc. 107) is DENIED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.  Dated this 16th day of March, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE